

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0635-22

**DESEAN LAVERNE MCPHERSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### LAMAR COUNTY

KEEL, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, YEARY, WALKER, SLAUGHTER, and MCCLURE, JJ., joined. NEWELL, J., concurred.

## O P I N I O N

Appellant was convicted of tampering, but the court of appeals agreed with him that the evidence of concealment was legally insufficient. *McPherson v. State*, 655 S.W.3d 468, 476 (Tex. App.—Texarkana 2022). We granted review to decide whether the court of appeals misapplied the standard of review. It did because it re-weighed the evidence, rationalized its result by hypothesizing a weaker case than that presented in the

record, and overlooked dispositive distinctions between this case and *Stahmann v. State*, 602 S.W.3d 573 (Tex. Crim. App. 2020). We reverse its judgment and affirm that of the trial court.

## I.   Legal Sufficiency Standard of Review

Evidence is legally sufficient to support a conviction if "any rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A reviewing court must consider the evidence in the light most favorable to the verdict without reweighing the evidence, substituting its own judgment for that of the jury, or acting as a thirteenth juror. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

## II.    Background

Texas Highway Patrol Trooper Michael Townes testified that he was working traffic one afternoon in June 2017 when he saw Appellant doing eighty-four in a seventy-five-mile-per-hour zone. When Townes activated his overhead lights and pulled behind Appellant's truck, Appellant moved to the right lane and then onto the shoulder of the highway but kept driving. Townes "noticed some brown objects" fly out of Appellant's window, one of which hit the windshield of his patrol car. He could not tell what they were. He activated his siren, and Appellant continued on the shoulder "at a pretty decent

speed"—about 55 to 60—for a mile and a half to two miles before stopping.

As Townes approached Appellant's stopped truck, he noticed that all four of the truck's windows were rolled down but they had been up when he first saw the truck.[1] Townes asked Appellant what he had thrown from the truck, and he said, "[N]othing. It was napkins." Over Appellant's protestations that he had not been speeding, Townes issued him a speeding ticket and let him go.

Townes then watched his in-car video, noted when and where he had activated his siren, and recorded the GPS coordinates to look for the discarded objects. Upon his return to the area, he consulted his supervisor by phone and then searched and found on the shoulder of the highway and in the ditch "five joints and one little short one that would have been smoked." They consisted of marijuana wrapped in brown cigar paper, and the unsmoked ones were about the size of a Number 2 pencil. Three were directly outside of his driver's side door, one was behind his car, another was near the front of his car, and the short one was in the ditch. After recovering these items, he pulled his patrol car forward to search that spot, too, but found no more evidence.

Townes alerted police dispatch in neighboring Delta County to be on the lookout for Appellant's truck, and he was soon detained there. When Townes confronted him, Appellant denied the marijuana was his. Townes told him that an arrest warrant would

---

[1] Townes agreed with the prosecutor that the up-then-down windows signified a situation "similar to someone [who] passes gas in your vehicle and rolls the windows down to clear the odor[.]"

be issued for possession of marijuana and tampering and then released him.

Appellant testified that he was not speeding, he threw nothing out of his window, and he had no marijuana in his truck. He rolled his windows down so that Townes could see in his truck. The only thing that flew out of his truck was a white piece of paper or bag, but no marijuana.

Appellant was convicted of tampering and sentenced to ten years in prison probated for five years. He argued on appeal that the evidence did not support the conviction because he did not conceal the evidence, and the court of appeals agreed with him. *McPherson*, 655 S.W.3d at 476. The court said that Townes's inability to keep the marijuana in sight and his need to double back to look for it did not prove it was concealed. *Id.* On the contrary, the court reasoned that Appellant's actions "revealed that which was previously concealed" from Townes's view, Townes knew where the marijuana landed, and the marijuana was easily retrieved from plain view on the side of the highway. *Id.* at 476. The court concluded that a rational jury could have reasonably inferred that Appellant intended but failed to conceal the marijuana because it landed in plain view. *Id.* (citing *Stahmann*, 602 S.W.3d at 581). It reformed the judgment to attempted tampering. *Id.*

## III.    Analysis

As charged here, a person commits tampering, if, knowing that an investigation is in progress, he conceals anything with intent to impair its availability as evidence in the investigation. Tex. Penal Code § 37.09(a)(1). An item is concealed if it is "hidden,

removed from sight or notice, or kept from discovery or observation." *Stahmann*, 602 S.W.3d at 581 (quoting *Stahmann v. State*, 548 S.W.3d 46, 57 (Tex App.—Corpus Christi, 2018). Witness observations and reports may inform a determination of "whether the physical evidence was concealed from law enforcement." *Id.* at 580.

Viewing the evidence in a light most favorable to the verdict, Appellant removed his joints from sight or notice or kept them from discovery or observation when he threw them from his moving truck and led Townes miles away from them. The concealment continued while Townes investigated and resolved the speeding violation, consulted his GPS, doubled back, called his supervisor, and then searched the side of the road. Townes's success in ultimately finding the joints did not negate the fact that in the meantime they were removed from sight or notice or kept from discovery or observation. *See Ransier v. State*, 670 S.W.3d 646, 651 (Tex. Crim. App. 2023) (holding that evidence of attempted concealment did not negate defendant's earlier, successful concealment of syringe).

This case is distinguishable from *Stahmann* where the evidence of concealment was legally insufficient. *Id.* at 581.

Stahmann was t-boned by an SUV while he was turning left on a state highway, and two passersby stopped to render aid. *Id.* at 575. They saw Stahmann exit his van and throw a pill bottle over a wire fence. *Id.* It landed a couple of feet away on top of the grass. *Id.* at 576. The passersby never lost sight of the bottle and pointed it out to the deputy when he arrived to investigate the car wreck. *Id.*

The evidence of concealment was legally insufficient because the officer had not yet begun his investigation when Stahmann threw the pill bottle, the witnesses showed the officer where the bottle was located, and he could clearly see the bottle where it landed. *Id.* at 581. Here, however, the speeding investigation had already begun when Appellant threw the joints, Townes could not see what they were as they flew past, no witnesses showed him where they were, and he did not see where they landed.

*Stahmann* recognized that its holding was fact specific: "The outcome of this case might be different had [the passerby witnesses] not been there, had they lost sight of what Stahmann threw or where it landed, had they not spoken to [the officer] and directed him to the pill bottle when he arrived, or had [he] had a difficult time locating it." *Id.* at 580. Those specifics are all missing from this case—witnesses, continuous sight of the evidence, and immediate discovery of it—and lack of only one such detail could have meant a different outcome. *Id.*

The court of appeals overlooked those distinctions and concluded that Appellant did not remove the marijuana from Townes's sight but revealed it to him. *McPherson*, 655 S.W.3d at 476. The court justified its conclusion by re-weighing the evidence: "Although Townes returned to the location where the cigarillos landed on the shoulder of the roadway, he had seen them thrown out of the window, he knew where they were located, and he quickly retrieved them from the shoulder of the road where they were in plain view." *McPherson*, 655 S.W.3d at 476.

But Townes did not see "cigarillos" thrown from the truck—he saw only

unidentified brown objects whose nature was not "revealed" but was obscured by their flight. Townes did not know where they were landed but had to figure it out. Their retrieval was not quick but was delayed by the ongoing pursuit and the distance between Appellant's stopping point and the landing spot of the joints. Nor were the joints in plain view—no one had eyes on them from the time Appellant tossed them until Townes returned to find them.

The court of appeals also argued that a different and arguably weaker set of hypothetical facts justified its holding. *Id.* If Townes had abandoned the pursuit or if Appellant had stopped right after throwing out the joints, "the State could not credibly argue that the cigarillos were removed from Townes's sight. We do not believe the result here should be different merely because Townes chose to pursue McPherson before retrieving the cigarillos." *McPherson*, 655 S.W.3d at 476. This argument deviates from the record-bound legal-sufficiency standard of review by entertaining a scenario not found in the record. *See Williams*, 235 S.W.3d at 750. According to the record, Townes did pursue Appellant, Appellant did not stop immediately, and Appellant did remove the evidence from Townes's sight when he threw it from his speedily moving truck. Those are the facts of the case by which the legal sufficiency of the evidence must be assessed, and the court of appeals erred to entertain different facts in its assessment.

## IV.     Conclusion

The State proved that Appellant threw things from his truck while he was being

pursued by Trooper Townes for speeding. Townes did not know what those things were, he lost sight of them, and they were left out of sight until he returned and found them. Thus, a rational jury could have found that Appellant hid or removed his marijuana from sight or kept it from discovery or observation, and the evidence was sufficient to prove tampering by concealment. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Delivered: September 27, 2023

Publish